JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY etc., <br><br> Plaintiff, <br><br> v. <br><br> MIKE BUBALO CONSTRUCTION CO., INC. etc., et al., <br><br> Defendants. | CASE NO. 2:19-cv-03403-DSF-PLA <br><br> **JUDGMENT** |

The Court having granted the motion for summary judgment as to all claims brought by Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company (Plaintiff or Adminco), a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-Training Trust Fund for Southern

California, Fund for Construction Industry Advancement, Center for Contract Compliance, Laborers Contract Administration Trust Fund for Southern California, Laborers' Trusts Administrative Trust Fund for Southern California, and Southern California Partnership for Jobs Trust Fund (collectively, Trust Funds), except the Sixth Cause of Action, and Adminco having withdrawn the Sixth Cause of Action,

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF AGAINST DEFENDANT MIKE BUBALO CONSTRUCTION CO., INC., A CALIFORNIA CORPORATION (BUBALO CONSTRUCTION), IN THE AMOUNT OF $857,250.79**, consisting of $792,250.79 in unpaid fringe benefit contributions, interest, liquidated damages and audit fees due for the period June 2017 through March 2020, plus attorneys' fees of $65,000.00.

2. The Trust Funds have not conducted an audit of the records of Bubalo Construction for any month after August 2018.  The monetary judgment issued in paragraph 1 above shall not, and does not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of the Trust Funds or any individual Trust Fund (including Adminco on behalf of the Trust Funds or any individual Trust Fund) to determine and collect any additional amounts due by Bubalo Construction for months after August 2018.

3. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF AGAINST DEFENDANT THE WESTERN SURETY COMPANY, A SOUTH DAKOTA CORPORATION (WESTERN), IN THE AMOUNT OF $204,825.53**, consisting of a principal amount of $139,825.53, plus $65,000.00 in attorneys' fees.

4. The monetary judgment against Western issued in paragraph 3 above consists of amounts also encompassed by the monetary judgment against Bubalo Construction issued in paragraph 1 above and the stop payment notice claim that Defendant City of Signal Hill (City) is ordered to pay in paragraph 8 below. Any satisfaction of the monetary judgment against Western shall also count as a credit toward the monetary judgment against Bubalo Construction and the amount that the City is ordered to pay.

5. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF AGAINST DEFENDANT OLD REPUBLIC SURETY COMPANY, A WISCONSIN CORPORATION (OLD REPUBLIC), IN THE AMOUNT OF $167,931.58**, consisting of a principal amount of $102,931.58, plus $65,000.00 in attorneys' fees.

6. The monetary judgment against Old Republic issued in paragraph 5 above consists of amounts also encompassed by the monetary judgment against Bubalo Construction issued in paragraph 1 above. Any satisfaction of the monetary judgment against Old Republic shall also count as a credit toward the monetary judgment against Bubalo Construction.

7. The attorneys' fees of $65,000.00 included in the judgment against Bubalo Construction (in paragraph 1 above), Western (in paragraph 3 above), and Old Republic (in paragraph 5 above) were awarded by separate order in this action pursuant to a stipulation between them and Adminco. Dkt. 47. The award of attorneys' fees is owed jointly and severally by Bubalo Construction, Western, and Old Republic. As also ordered in the order awarding attorneys' fees, **IT IS HEREBY ORDERED THAT** payment of the $65,000.00 awarded in attorneys' fees shall be made within 30 days of July 13, 2020, which is the date of entry of the order awarding

3

attorneys' fees, by delivery of payment to counsel for Adminco, Peter A. Hutchinson, payable to the Construction Laborers Trust Funds for Southern California.  Bubalo Construction, Western, and Old Republic shall be, and are, together obligated to assure that such payment is timely made.

8. **IT IS ORDERED, ADJUDGED AND DECREED THAT** the stop payment notice of Adminco filed by it on the public project at issue in its claim for relief against the City, a California public entity, known as the Design Build Services for Permitting and Constructing the Los Cerritos Channel Sub-basin 4 Stormwater Capture Facility project (Stormwater Project), is approved in the amount of $130,170.06 (Stop Payment Notice) plus interest thereon.  **FINAL AND PERMANENT INJUNCTIVE RELIEF IS GRANTED AGAINST THE CITY, AS FOLLOWS**:  The City is ordered to deliver payment of $139,825.53, representing the Stop Payment Notice plus interest thereon, by no later than 45 days from entry of this judgment, payable to Construction Laborers Trust Funds for Southern California, by delivery to the attorneys for Adminco and the Trust Funds at Reich, Adell & Cvitan, A Professional Law Corporation, Attention Peter A. Hutchinson, 3550 Wilshire Boulevard, Suite 2000, Los Angeles, California 90010.  If the total amount of all stop payment notices filed with the City on the Stormwater Project exceeds the amount of funds due by the City to subcontractors of and suppliers for Bubalo Construction for their work on the Stormwater Project, then the payment ordered hereby shall be, and is, instead the lesser amount consisting of the *pro rated* amount of Adminco's Stop Payment Notice (in the amount of $130,170.06) in relation to the total amount of all stop payment notices filed on the Stormwater Project.

9. The Stop Payment Notice claim which the City is ordered to pay in paragraph 8 above consists of amounts also encompassed by the monetary judgment against Bubalo Construction issued in paragraph 1 above and the monetary judgment

4

issued against Western in paragraph 3 above.  Payment by the City pursuant to the order in paragraph 8 shall count as a credit toward the monetary judgments against Bubalo Construction and Western.

10. This judgment, including but not limited to the monetary judgments issued hereby against Bubalo Construction, Western, and Old Republic in paragraphs 1, 3, and 5 above, respectively, and the Stop Payment Notice approved (and which the City is ordered to pay) in paragraph 8 above, shall not, and do not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of the Trust Funds or any individual Trust Fund (including Aminco on behalf of the Trust Funds or any individual Trust Fund) to file and enforce payment bond claims and stop payment notices – including but not limited to claims against the payment bonds at issue in Aminco's claims for relief against Western and Old Republic and stop payment notices with the City for work on the project at issue in Aminco's claim for relief against it – for amounts in addition to those encompassed by this judgment that are due, or that come due, by Bubalo Construction to the Trust Funds for work after August 2018.

11. **FINAL AND PERMANENT INJUNCTIVE RELIEF AGAINST BUBALO CONSTRUCTION IS GRANTED AS FOLLOWS**:  Bubalo Construction and its managing officers, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, shall deliver, or cause to be delivered, to the Trust Funds no later than 4:30 p.m. on the 15th day of each month for the duration of the Southern California Master Labor Agreement the following:

      a. Truthful and accurate monthly fringe benefit contribution reports covering all of Bubalo Construction's accounts with the Trust Funds

5

in existence at the time of delivery, collectively identifying all of the Bubalo Construction employees for whom fringe benefit contributions are owed to the Trust Funds for work the previous month and their Social Security numbers, and, itemized by employee and project, the hours of work performed for which the fringe benefit contributions are due;

b. An affidavit or declaration from a managing officer or other managing agent of Bubalo Construction attesting under penalty of perjury to the completeness, truthfulness, and accuracy of each monthly fringe benefit contribution report submitted; and

c. A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions owed by Bubalo Construction to the Trust Funds for work the previous month (as set forth on the fringe benefit contribution report(s) submitted).

**THE FAILURE TO COMPLY WITH AN INJUNCTION OR ORDER IN THIS JUDGMENT SHALL BE GROUNDS FOR CONTEMPT OF COURT.**

DATED: July 20, 2020

_Dale S. Fischer_
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE